**UNITED STATES DISTRICT C**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EUGENE A. WILLIAMS | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR DAMAGES UNDER |
| | ) | THE U.S. CONSTITUTION AND THE |
| | ) | FEDERAL TORT CLAIMS ACT |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED ON ANY |
| UNITES STATES OF AMERICA, | ) | CLAIM SO TRIABLE |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

1. Plaintiff Eugene Williams files this complaint under the U.S. Constitution and the Federal Tort Claims Act against federal employees of the United States Department of Justice, for the injuries that he suffered as a direct result of their violation of his fundamental constitutional rights and their tortious and unethical conduct. At all times relevant to this action, the identified and unidentified employees of the Department of Justice, performed their duties and responsibilities in enacting and enforcing the public policy and mandated laws created by the Congress of the United States and the U.S. Constitution.

2. The matters complained about in this case involve the most basic responsibility of an immigration judge to accord to every person who has a legal interest in a proceeding, the full right to be heard according to law; and to not perform an investigative nonadministrative search of an individual under color of authority without a factual predicate; to not perform an in court demonstrative performance to prove plaintiff, as a member of an minority group, was a nonentity and hold him for ridicule as reflected in the oral and written rulings dated March 20, 2023; and to not communicate with a person represented by another lawyer about the subject of the representation without the consent of the other lawyer or legal authorization; and to not withhold oral and written evidence of ex parte communications; and most importantly, to not withhold or

RECEIVED
JUL 3 1 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

suppress physical evidence of ex parte communications from my his client that was used as the legal basis of a judicial ruling on April 20, 2023 as a direct to his Motion Reopen in Absentia Order that he filed with the immigration court on April 19, 2023 (*"Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion."*).

## JURISDICTION AND VENUE

3.  This lawsuit arises under the Constitution of the United States and presents a federal question within this Court's jurisdiction and present a federal question within this Court's jurisdiction pursuant to 28 U.S.C §1331. The Court has authority to issue declaratory, injunctive, and equitable relief. If this Court finds that Plaintiff, Eugene Williams, was wrongfully prevented by Defendant from continuing his responsibility to represent his client in violation of his rights under the Constitution, this Court will also have authority to award him attorney fees he incurred for such representation and damages.

4.  This Court has subject matter jurisdiction under 28 U.S.C. §1346(b)(1).

5.  Plaintiff, Eugene Williams hereafter ("Mr. Williams" or "Plaintriff") brings this suit under the Federal Tor Claims Act ("FTCA"), 28 U.S.C.§§1346, 2671 et seq. The FTCA has an administrative exhaustion requirement under which a claimant, before filing suit, must tender an administrative claim to the federal government. Mr. Williams filed administrative claims with the relevant federal agencies more than six months ago.

6.  Venue is proper in this District under 28 U.S.C. §1391(b)(1) and § 1391 (b)(3). Mr. Williams has an office in the District of Columbia.

## PARTIES

7.  Plaintiff, Eugene A. Williams, is a citizen of the United States and resides in Virginia.

8.  Defendant the United States of America is the appropriate defendant under the FTCA.28 U.S.C. §1346(b)(1). Defendant acted through the Department of Homeland Security("DHS"), the Department of Justice ("DOJ"), "federal agencies" of the United States and under 28 U.S.C.

2

§2671 and their employees, officers, agents. The Executive Office for Immigration Review, Department of Justice, is responsible for adjudicating immigration cases specifically, under delegated authority from the Attorney General, interprets and administers federal immigration laws by conducting immigration court proceedings, appellate reviews, and administrative hearings.

9.  The federal officers, employees, and agents referenced in this Complaint were at all relevant times employees of the United States, working within the scope and course of their employment with the federal agencies above.

(1) Defendant Employees specifically identified and referenced in this action.

(2) Defendant Judge Vergona.

(3) Defendant DOJ Counsel identified in court by Judge Vergona as follows:

> *"The court and DHS 'googled" Respondent's Counsel but was unable to find any additional contact information."*

(4) Defendant Brooke K. McGee, along with the unnamed recipients of the emails identified in her attachments in Exhibits 1-4 of Judge Vergona's March 20, 2023, ruling and identified in court as follows:

> *"That email thread is included in this Order and was marked and admitted into evidence as EX 4."*

(5) Intake clerks in Clerk's Office of the Sterling VA immigration court and Judge Vergona's courtroom clerk on March 14, 2023, April 19, 2023, April 24, 2023, and May 6, 2023.

10.  The policymakers of the DOJ established a policy that an Immigration Judge shall comply with the standards of conduct applicable to all attorneys in the Department of Justice, including the Standards of Ethical Conduct for Employees of the Executive Branch, Codified in Title 5 of the Code of Federal Regulations, and the Department's supplemental regulations at 5 C.F.R. Part 3801 and 28 C.F.R. Part 45. (5 C.F.R. Parts 2635, 3801; 28 C.F.R. Part 45).

## FACTS

11. On March 14, 2023, Mr. Williams personally filed a motion to withdraw as counsel in the Sterling VA immigration court the case of Aminata Samake that was scheduled for a hearing on March 20, 2023. The immigration court intake clerk verified Mr. Williams' current mailing address and contact information along with the fact that he was the counsel of record as reflected in attorney registration system and his Proof of Service.  At that time, the name of the immigration judge on the motion was left blank since Mr. Williams did not know the name of the judge assigned to the case. In words, Mr. Williams had no knowledge of any other case that was scheduled in the Sterling VA immigration court for March 20, 2023.  Mr. Williams found out the name of the judge was Judge Egy when he called the court on March 20, 2023, to find out if his motion to withdraw as counsel had been granted.

12.  On March 20, 2023, at 9:00 am Mr. Williams attended a scheduled divorce trial in Frederick County, MD; and at 1:00 pm, he attended a scheduled naturalization interview with his client at the United States Customs and Immigration Service (USCIS) office in Fairfax, VA.

### **Fact Summary of First Hearing, March 20, 2023**

13.  On March 20, 2023, Judge Mary Catherine Vergona, ("Judge Vergona") published an Order that stated the following:

14.  On 20 MAR 23, Respondent and her counsel failed to appear for Respondent's Individual Merits hearing.  The Court granted the Government's Motion to proceed in absentia.

*Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing. He responded that he was tracking the hearing.  Today, the Court emailed Respondent's Counsel to the same email address to confirm his and his client's status. The Court received no response.  That email thread is included in this Order and was marked and admitted into evidence as EX 4.  Additionally, the Court attempted to call Respondent one time at the number listed on her Asylum application and Counsel two times at the number listed in the Court's system.  The court and DHS 'googled" Respondent's Counsel but was unable to find any additional contact information.*

The above written ruling was clear and convincing oral and written evidence of a non-administrative investigative search for Attorney Williams that was performed by Judge Vergona and the unidentified Department of Justice immigration attorney "in court."

4

15.  On March 20, 2023, Judge Vergona sent the above Order, which included that a notation that removal is from the United States to the country of Nigeria, directly to Mr. Williams client, Ms. Kachamakwara at her home address rather than to him at his address as shown in the Executive Office for Immigration Review (EOIR) attorney system and his updated address and contact information that the immigration court clerk entered in the case of Ms. Samake on March 14, 2023.

16. On April 19, 2023, Mr. William filed a Motion to Reopen In Absentia Order with the immigration court.

17. Complaint of Unethical Conduct with the DOJ.  On April 24, 2023, Mr. Williams filed a COMPLAINT OF JUDICIAL CONDUCT with the Judicial Conduct and Professional Unit of the Executive Office for Immigration Review in Falls Church, VA.

### Fact Summary of Judge Vergona's Response to Motion to Reopen dated May 6, 2023

18.  On May 6, 2023, Mr. Williams received a Notice from the Court Clerk of the Sterling VA immigration court that included the cover page of his Motion to Reopen an In Absentia Order dated April 19, 2023, with the notation as follows:

*IJMC Vergona – 20 Apr 23- Moot*

*Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion.*

19.  Judge Vergona did not provide Mr. Williams with a copy of *Rosemary Kachamakwara's Motions and Notice to terminate atty,* in her possession on April 20, 2023.  As for this writing or otherwise, a copy of it has not been provided to Mr. Williams. Moreover, Judge Vergona failed to disclose to Mr. Williams her ex parte reply to *"Rosemary Kachamakwara's Motions and Notice to terminate atty,).*

20. Supplemental Complaint of Unethical Judicial Conduct.  On July 22, 2023,

and on July 31, 2023, Mr. Williams submitted a Supplemental Complaint of Unethical Judicial Conduct with the Judicial Conduct and Professional Unit of the Executive Office for Immigration Review in Falls Church, VA.

21.  Mr. Williams provided a redacted Order of the Immigration Judge issued by Judge Lawrence O. Burman of the Arlington, VA immigration court dated 3-17-23 as evidence that he was listed in the EOIR Portal on March 20, 2023, the day that Judge Vergona issued her Order which stated, in court on the record, that she could not find any contact information ("*The court and DHS "googled" Respondent's Counsel but was unable to find any additional contact information*") about him.  If Judge Vergona had "googled" the Justice Department EOIR Portal, she could have stated the truth on the record that she indeed found additional information about him.

22. On January 23, 2025, Mr. Williams filed Standard Form 95 with the DOJ under the FTCA.

## VIOLATIONS UNDER THE FEDERAL TORT CLAIMS ACT

### Introduction

23. The Federal Tort Claims Act (FTCA) of 1946 is a statute allowing private individuals to sue the U.S. government for personal injury, death, or property damage caused by the negligent acts of federal employees acting within their scope of employment. It acts as a limited waiver of sovereign immunity, allowing compensation for damage caused by government negligence. The requirements include (1) negligence: the damage must be caused by a federal employee's negligence or wrongful act, (2) scope of employment: the employee must have been acting within the scope of their official duties, and (3) documentation: a claimant must provide a "sum certain" (exact monetary amount) and evidence of the claim.  The Supreme Court in Bivens adopted an "implied cause of action theory" that permits a plaintiff to seek damages from federal officers for the unreasonable search and seizure in plaintiff's home. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

24. At all times relevant to this action, Judge Vergona, along with joint tortfeasor Brooke K. McGee, and an unidentified Department of Justice immigration attorney joint tortfeasor, who

6

appeared in her courtroom on March 20, 2023, and other unidentified individuals of the Department of Justice; performed their mandatory official duties and responsibilities in enacting and enforcing the public policy and laws created by the Congress of the United States and the U.S. Constitution.

25. Attorney Williams incorporates by reference the constitutional law and regulations and legal policy and the relevant facts outlined above. The key issue for liability and standard of care under the Federal Tort Claims Act is whether the government employee acted within the scope of their official duties and whether the government employee is eligible for a qualified exception under the FTA. On these facts the answer are; "YES' that the employees acted within the scope of their official duties and "Yes" that the employees was not eligible for a qualified exception under the FTA since their negligent and wrongful acts did not involve a policy-level choice or a decision grounded in social, economic, or political policy.

26. Specifically, Attorney Williams seeks damages for harm under the FTA for negligence and wrongful acts of Judge Vergona and the government employees specifically identified and unidentified in her ruling dated March 20, 2023, Brooke K. McGee, along with the unnamed recipients of the emails identified in her attachments in Exhibits 1-4, and the unidentified DOJ immigration attorney for the government who appeared in her courtroom on March 20, 2023, in which the Court granted the Government's Motion to proceed in absentia.

## COUNT I

### I. ABUSE OF PROCESS BY JUDGE VERGONA

**Lack of Impartiality**

27. Judge Vergona did not wait until the court date of March 20, 2023, to impartially observe whether Mr. Williams would in fact appear in court for the case and then use his appearance or lack thereof to adjudicate the case before her, which is her primary role as an immigration judge.

28. Here, Judge Verona did not accept the fact that Mr. Williams had filed a motion to withdraw as counsel, in person, with the court clerk on March 14, 2023, in the case before Judge

7

Egy; and the clerk informed Judge Vergona around March 17, 2023, that he was scheduled to appear in two cases on March 20, 2023.

29. Judge Vergona conducted her own investigative nonadministrative search for Mr. Williams, under the appearance of legal authority, to compel him to state that he was aware of the March 20, 2023, hearing in her courtroom, and admitted, in the court record, her investigative methods. ("*Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing. He responded that he was tracking the hearing. Today, the Court emailed Respondent's Counsel to the same email address to confirm his and his client's status. The Court received no response.*

*Additionally, the Court attempted to call Respondent one time at the number listed on her Asylum application and Counsel two times at the number listed in the Court's system. The court and DHS 'googled" Respondent's Counsel but was unable to find any additional contact information.")*

30. Note that the above, in court statements of Judge Vergona, were self-serving and not under oath and therefore cannot provide, at a bare minimum, a circumstantial guarantee of trustworthiness surrounding the making of the statement itself. Whereas the out-of-court statements that Judge Vergona alleged that Mr. Williams made above were countered by the truth as follows:

Mr. Williams filed in person a motion to withdraw on March 14, 2023, in the case before Judge Egy and later the court clerk informed Judge Vergona about the fact that Mr. Williams was scheduled for two (2) hearings for March 20, 2023. Judge Egy never called Mr. Williams to inquire about whether he would attend the hearing before her on March 20, 2023.

### Use of Fabricated and Misleading Evidence

31. On March 20, 2023, Judge Vergona gave in court oral testimony about an ex parte telephone conversation that she initiated with Mr. Williams without placing herself on oath prior to stating them for the record. Judge failed to reveal that she had been told by the clerk of the court prior to the hearing that Mr. Williams had filed a Motion to Withdraw as Counsel on March 14, 2023, in a case scheduled before immigration Judge Egy on March 20, 2023. The immigration court had made a scheduling error since it does not schedule two cases for an attorney on the same day without the attorney's knowledge.

8

32.  Judge Vergona, as part of her own investigation, engaged in a pattern or practice using emails (*"That email thread is included in this Order and was marked and admitted into evidence as EX 4."*) under the appearance of authority -Department of Justice letterhead on emails, and comments of a call Mr. Williams with an inquiry to find out "if you are coming", and use of name and title Judge Vergona, phone number, etc. to encourage his feedback. These were investigative nonadministrative acts in the search for Mr. Williams, which did not involve an immigration judge's discretion because it followed a predetermined plan under a law enforcement search for Mr. Williams. Judge Vergona' actions complained of herein involve the performance of mandatory acts under the U.S. Constitution and Federal Tort Claims Act and other federal laws and regulation including criminal law and criminal procedures pertaining to a reasonable search under the circumstances of a search of a person while in a private conference room in a circuit court in MD with a client in the morning of March 20, 2023, and a United States Customs and Immigration Service office before an immigration officer for a citizenship interview with a client in the afternoon of March 20, 2023.

33. In addition, Judge Vergona used successive emails to compel him to tell a lie that he was aware of the hearing in her courtroom or to confess that he would not attend the March 20, 2023, hearing in her courtroom. The excessive use of email was without a reasonable basis because the immigration court administrator, Donte Adams, was tasked with communicating with attorneys when they are outside the courtroom. This clearly demonstrated Judge Vergona's bias towards Mr. Williams and total disrespect for him as a competent and experienced immigration attorney.

34. On March 20, 2023, while Mr. Williams was attending a naturalization interview at the United States Customs and Immigration Service office in Fairfax, VA, Judge Vergona contemptuously mocked him with a false statement of concern which further showed the lack of impartiality and prejudice towards him.  Judge Vergona bias and prejudice against Mr. Williams was so strong that she blatantly disregarded his position as the attorney of record and any appearance of procedural due process or respect of his civil rights and his right as an attorney for her to not interfere with his attorney-client relationship with Ms. Kachmakwara.

**Disrespect of Mr. Williams and his client by Judge Vergona After She Defamed them in Court.**

35. In words, on one hand Judge Vergona viciously attacked Mr. Williams' character in court in his absence around 1:00 pm; and then at 1:18 pm she emailed him a condescending message of false concern for him and his client. The outrageous and vindictive conduct on the part of Judge Vergona is evidenced in the email when she stated the following:

*I am checking yours and your clients status. I just called the number listed for you in our system (202-223-5316) but no answer. Please advise.*

*Mary C. Vergona@usdoj.gov*
703-481-1061(office)

36. Please note that above email message was sent around 1:18 pm while Mr. Williams was in a naturalization interview, at the United States Citizenship and Immigration Office in Fairfax, VA.

**Failure of Judge Vergona to Show Any Contact with Court Clerk**

37. On March 14, 2023, Mr. Williams filed a Motion to Withdraw in the Sterling, VA immigration court clerk's office. The intake clerk later informed Judge Vergona that Mr. Williams had filed a Motion to Withdraw as Counsel in the case before Judge Egy that was scheduled for March 20, 2023, around 9:00 am. Judge Vergona indicate at any time that she contacted immigration court clerk before she emailed Mr. Williams as follows:

March 16, 2023 – Judge Vergona did not contact the court clerk before email.

March 17, 2023 – Judge Vergona did not contact the court clerk before email.

March 20, 2023 – Judge Vergona did not contact the court clerk before email.

March 20, 2023 – Judge Vergona email at 1:18 pm did not contact the court clerk before email.

March 20, 2023 – Judge Vergona did not contact the court clerk before mailing the Order directly to Ms. Kachamakwara's home address.

38. Judge Vergona's excessive use of emails clearly showed a pattern of excessive harassment and purposeful infliction of emotional distress against Mr. Williams. In addition,

10

Judge Vergona's oral in court testimony as a fact witness (*"The court and DHS 'googled' Respondent's Counsel but was unable to find any additional contact information."*) showed her to be biased and clearly reflected on her lack of impartiality toward Mr. Williams.

**The Telephonic Statements Attributed to Mr. Williams Are Fabrications.**

39. The phone number referred to above is from an EOIR form that Mr. Williams submitted in initial pleadings in 2019 in the Arlington, VA immigration court before the COVID-19 Crisis which started in the United States in February 2020.

40. In addition, this is inconsistent with her ruling on March 20, 2023, in which Judge Vergona published. ***"Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing. He responded that he was tracking the hearing."*** Judge Vergona initiated an ex parte phone call with Mr. Williams on March 16, 2022 prior to the hearing. Judge Vergona duped Mr. Williams through paltering into believing that she was Judge Egy who was the immigration judge in the Samake case which he had filed a motion to withdraw as counsel on March 14, 2023.

41. In summary, all Judge Vergona had to do was to contact the clerk's office for Mr. Williams updated information because he had submitted a motion to reopen in person with the court on March 14, 2023, in the case *A093-433-963* before Judge Egy in the case scheduled March 20, 2023. Judge Vergona knew of this because at the end of the day the clerk had to mail out the results for the cases heard in the Sterling VA immigration court on March 20, 2023.

42. The court administration had the following information as of the closing of business on March 20, 2023.

**Axxx-xxx-xxx Samake, Aminata**    **DECISION ORDERED DISMISSAL**
**Judge Egy**    **March 20, 2023**

**Axxx-xxx-xxx Kachamakwara**    **ORDERED REMOVED**
**Judge Vergona**    **March 20,2023**

43. It is important to note that Judge Vergona conveniently failed to mention that she had any contact whatsoever, with (a) her law clerk, (b) her courtroom law clerk, (c) the intake clerk

in the clerk's office, and (d) most importantly, the court administrator, who is responsible for case scheduling or contacting attorneys on behalf of immigration judges, and (e) the government attorney, who appeared in court with her at the hearing, in order to follow proper procedures to contact a respondent's attorney; before she engaged in ex-parte communications with Mr. Williams or his client. Judge Vergona had actual and constructive information that the court had scheduled two cases on the same day, March 20, 2023, regarding Mr. Williams.

44. In addition, the DOJ immigration attorney who appeared in the courtroom had contact information about Mr. Williams because he mailed a copy of his Motion to Withdraw as Counsel to the District Counsel office on March 14, 2023, and substitute counsel appeared for Mr. Williams in the Samake case before Judge Egy on the morning of March 20, 2023. Both Judge Vergona and the DOJ attorney had in court access to the EOIR calendar system.

45. Further, Judge Vergona negligently used the expired phone number for Mr. Williams as a pretext to mail her ruling dated March 20, 2023, which contained an Order of Removal to the country of Zimbabwe to Ms. Kachamakwara. Judge Vergona sent the Order directly to Mr. Williams client, Ms. Kachamakwara at her home address rather than to him at his updated address that the clerk entered in the EOIR system on Mar 14, 2023.

## COUNT II

II.    **JUDGE VERGONA ENGAGED IN EX PARTE COMMUNICATION WITH COUNSEL AND HIS CLIENT AND USED SUCH COMMUNICATIONS AS PART OF HER PUBLISHED ORDER DATED MARCH 20, 2023.**

46. On March 20, 2023, Judge Vergona intentionally published false statements about Mr. Williams, in his professional capacity as a lawyer, and other misleading information to the effect that Mr. Williams and his client were both derelict in in their to duties to attend the immigration court hearing at which she presided over *("Additionally, the Court attempted to call Respondent one time at the number listed on her Asylum application and Counsel two times at the number listed in the Court's system.")*.    Please note that in the same ruling Judge Vergona admitted that she had reached Mr. Williams through an ex parte phone conversation and that she initiated such ex parte call.

12

47. **A. Judge Vergona became a material witness in the case and therefore she issued a bias ruling.** Please note that Judge in the first paragraph in her March 20, 2023, ruling she indicated an ex parte communication with counsel (*"Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing. He responded that he was tracking the hearing."*); and her attempt to contact his client, and subsequently Judge Vergona used both to deny Mr. Williams' Motion to Reopen in Absentia Order and to disqualify him as the counsel of record.

48. **B. Judge Vergona had an ethical duty not to initiate or engage in ex-parte communications with Mr. Williams client without his knowledge or consent.** Here, Judge Vergona admitted in court on March 20, 2023, ruling that she initiated ex parte contact with Ms. Kachamakwara (*"Additionally, the Court attempted to call Respondent one time at the number listed on her Asylum application"*). This is crucial information because Judge Vergona mailed the Order directly to Ms. Kachamakwara at her home address and never mailed it to Counsel at his address in the EOIR Portal, this was wrong.

49. Judge Vergona instilled horror and fear in Ms. Kachamakwara, an asylum applicant, upon her reading the above statement and notation that she was ordered removed from the United States to Zimbabwe in Judge Vergona's ruling. Mr. Williams met with Ms. Kachamakwara on March 22, 2023, and showed her evidence that he had filed a Motion to Withdraw as Counsel in the immigration court dated March 14, 2023; the circuit court order dated March 20, 2023, for the divorce case he had attended; along with information, dated March 20, 2023, that showed that he had attended a naturalization interview in Fairfax, VA. Mr. Williams told her that she would not be removed from the U.S. in 30 days, since she had thirty days to file a motion to reopen the case.

50. On April 19, 2023, Mr. Williams personally appeared at the Sterling VA immigration court and filed a Motion to Reopen an In Absentia Order with the intake clerk. Such motion moved the court to rescind the absentia order pursuant to 8 C.F.R. § 1003.10; 8 C.F.R. §1003.23(4)(ii); 8 C.F.R. §1003.23(b)(4)(ii), and the Immigration Court Manual. This filing was well within the 30-day filing deadline that Judge Vergona incorrectly set in her order (the time to

file an appeal is 30 days whereas the correct filing of a Motion to Reopen an In-Absentia Order is 180 days).

51. On April 24, 2023, Mr. Williams filed a Complaint of Unethical Judicial Conduct against Judge Vergona with the Executive Office for Immigration Review. On May 6, 2023, Mr. Williams received a Notice from the Clerk of the court as shown below in count III.

## COUNT IIII

III.   **JUDGE VERGONA RETALIATED AGAINST MR. WILLIAMS FOR NOT ONLY REVEALING THE TRUTH NAMELY, THAT SHE ENGAGED IN EX PARTE COMMUNICATION WITH COUNSEL'S CLIENT AND USED SUCH COMMUNICATIONS AS PART OF HER PUBLISHED ORDER AND HER IJMC VERGONA-20 APR 23-MOOT-THE COURT IS NOT ENTERTAINING THIS MOTION RESPONSE.**

**A. Judge Vergona intentionally and wrongfully withheld from Counsel crucial ex parte evidence that she received from his client, *Rosemary Kachamakwara's Motions and Notice to terminate atty*.**

52. On May 6, 2023, Mr. Williams received a Notice from the Court Clerk of the Sterling VA immigration court that included the cover page of his Motion to Reopen an In Absentia Order dated April 19, 2023, with the notation as follows:

*IJMC Vergona – 20 Apr 23- Moot*
*Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion.*

53. Judge Vergona did not attach as an exhibit to the above Motions and Notice to terminate atty that allegedly supported her not entertaining his motion. If this had been done, Mr. Williams would have attached it to his original Complaint of Unethical Judicial Conduct with the Judicial Conduct and Professional Unit of the Executive Office for Immigration Review in Falls Church, VA.

54. Judge Vergona attached an Exhibit 4 to her March 20, 2023, Order which contained her self-serving emails. However, Judge Vergona omitted to attach a copy of *Rosemary Kachamakwara's Motions and Notice to terminate atty, to her IJMC Vergona-20 Apr 23-Moot*

14

*ruling above.* Judge Vergona did not have such documents in her possession on April 20, 2023. Otherwise Judge Vergona would have provided Mr. Williams with copies of each one.

55. Mr. Williams contends that such information was the direct result of Judge Vergona sending her order dated March 20, 2023, directly to Ms. Kachamakwara rather than him the attorney of record.  This was unethical and wrong.  In addition, Judge Vergona had not cited any case or regulation as to why she disqualified Mr. Williams as the counsel of record, other than ex parte information that evidenced her wrongful acts and misdeeds.

**B. Judge Vergona Refused to Conduct a Hearing Regarding *Rosemary Kachamakwara's Motions and Notice to terminate atty* in order to suppress the truth behind the production of the ex parte communications between them.**

56. Again, Judge Vergona did not attach as an exhibit the Motions and Notice to terminate atty that allegedly supported her not entertaining my motion. If this had been done, Mr. Williams would have attached it to his original complaint to the above Judicial Conduct and Professional Unit to show that such information was the product of Judge Vergona's lies and gross distortion of fact.

57. Judge Vergona attached an Exhibit 4 to her March 20, 2023, Order which contained her self-serving emails.  However, Judge Vergona omitted to attach a copy of *Rosemary Kachamakwara's Motions and Notice to terminate atty, to her IJMC Vergona-20 Apr 23-Moot ruling above.* **Judge Vergona did not have such documents in her possession on April 20, 2023.  Otherwise Judge Vergona would have provided Mr. Williams with copies of every document.**

58. Judge Vergona had not only a legal duty to attach a copy of *Rosemary Kachamakwara's Motions and Notice to terminate atty* and to honor Mr. Williams constitutional right to confront the allegations were made against him. Moreover, Judge Vergona had a duty to inform Ms. Kachamakwara that she was not disinterested and could not provide her legal advice regarding Ms. Kachamakwara's Motions and Notice to terminate atty.

59. Rather than holding a hearing regarding the Motions and Notice to terminate atty and proving Mr. Williams with copies, Judge Vergona refused to "entertain" his Motion to Reopen In Absentia Order at all. This was a pretext to retaliate against Mr. Williams for exposing her

pattern of deceit, fraud and dishonesty which were contained in his Motion to Reopen In Absentia Order, dated April 19, 2023; and his Complaint of Unethical Judicial Conduct dated April 24, 2023, and July 22, 2023, and July 31, 2023.

60. Judge Vergona has a legal duty to provide Mr. Williams with a copy of the Motions and Notice to terminate atty. By not doing so, Judge Vergona impeded the administration of justice.

## COUNT IV

IV.   **JUDGE VERGONA HAD AN ETHICAL AND LEGAL DUTY TO REVEAL AND CORRECT THE MISINFORMATION AND FALSEHOODS IN HER PUBLISHED ORDER DATED MARCH 20, 2023, BUT FAILED TO DO.**

61. Most significantly, Judge Vergona had a duty to correct the misinformation and defamatory statements, especially the defamatory statements and outright lies that she published about Mr. Williams in her March 20, 2023 ruling and then sent a copy directly to his client, Ms. Kachamakwara. Such defamatory statements and falsehoods damaged Mr. Williams' professional reputation and caused him emotional stress.

**Judge Vergona had a duty.**

**(1)** to adhere to her ethical obligation as an attorney to correct any false or misleading information that she used in her writing (ruling) upon learning of the truth. Here, Judge Vergona grossly overlooked the truth and used ex parte communication from Mr. Williams client, that neither the client nor Ms. Vergona has provided him with a copy, *"Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion."*

**(2)** to not in unlawful acts of willful interference or intimidation while purporting or pretending to act in the performance of her official duties as an employee of the government. Here, Ms. Vergona used the Department of Justice's logo in emails to intimate Mr. Williams to engage in ex parte communications with her, in violation both his constitutional and civil rights regarding his privilege to participate in an immigration proceeding administered by the United States.

**(3)** to not engage in any communication, ex parte or otherwise, with an individual that she knows to be represented by an attorney. Ms. Vergona sent the March 20, 2023, Order listed below directly to my client rather than Mr. Williams, the attorney of record at his correct address that he had used to enter his appearance in a case that was scheduled for the same day. Mr.

16

Williams did not know that he had been scheduled for two cases for the same day, March 20, 2023, in the immigration court in Sterling, VA

(4) to at least attempt to reply in writing to the statements in Mr. Williams Motion to Reopen in Absentia Order rather not entertaining it ("*the Court is not entertaining this Motion.*").

62. Had Ms. Vergona done so, she would have had to examine and question her unethical conduct in engaging in the use of ex parte communications and in methods of intimidation and harassment of Mr. Wiliams and his client. Most importantly, Ms. Vergona had to confirm that she withheld exculpatory information that the court made a scheduling error and to provide the truth that Mr. Williams did not knowingly and willfully fail to attend the March 20, 2023, hearing.

COUNT V

V.    **JUDGE VERGONA INTENTIONALLY SUPPRESSED EX PARTE EVIDENCE THAT WAS REFLECTIVE OF THE RACIAL IMPACT OF HER MARCH 20, 2023, ORDER UPON MS. KACHAMAKWARA'S IMAGE OF MR. WILLIAMS AS AN AMERICAN ATTORNEY BECAUSE JUDGE VERGONA HAS NEVER MET MR. WILLIAMS IN PERSON.**

63. Judge Vergona's Order on March 20, 2023, contained oral and written testimony about Mr. Williams in his absence. Most important, Judge Vergona withheld the crucial physical evidence of "*Rosemary Kachamakwara's Motions and Notice to terminate atty,*" that allegedly supported her allegation that was the baisis of her April 20, 2023 ruling.

**Critical Need for Ex Parte Documentary Evidence**.

64. Mr. Williams needed this information because each of *Rosemary Kachamakwara's Motions* contained a description of her mental impression of him as an African American Attorney. Every description of Mr. Williams as an African American Attorney was the direct result of Judge Vergona's Order dated March 20, 2023.

65. The only image of Mr. Williams as an American Attorney in Ms. Kachamakwara's mind is the image that Judge Vergona created as a direct result of her March 20, 2023, Order. Judge Vergona never met Mr. Williams in person. Yet Judge Vergona intentionally did not provide Mr. Williams with a copy of *Rosemary Kachamakwara's Motions and Notice to terminate atty.*

66. Judge Vergona should have done this because (1) the time between the date of submission of the Motion to Reopen, April 19, 2023, and the date of the dismissal of it by Judge Vergona, April 20, 2023, indicates that she already made up her mind to dismiss the Motion to Reopen in less than 24 hours; and (2) Judge Vergona did not have in her possession *Rosemary Kachamakwara's Motions and Notice to terminate atty* at the time she dismissed it on April 20, 2023 otherwise she would have attached it to the cover page of his Motion to Reopen In Absentia Order stamped "RECEIVED DEPARTMENT OF JUSTICE APR 19, 2023 STERLING IMMIGRATION COURT," and (3) Judge Vergona's handwritten notation clearly indicated that she only gave a cursory review of his motion to reopen without any need to consult immigration laws and regulations or the BIA Practice Manual regarding motions to reopen.

*IJMC Vergona – 20 Apr 23- Moot*
*Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion.*

67. Mr. Williams contends that the image of him that Judge Vergona created in Ms. Kachamakwara's mind was one in which white judges' disrespect African American Attorneys as being ignorant, lazy, or worse in this instance-he did not exist. Nevertheless, Judge Vergona disqualified Mr. Williams' appearance in the case as attorney of record and, in effect, Judge Vergona became Ms. Kachamakwara' legal counsel (novation) without Mr. Williams' knowledge or consent.

68. This has had a permanent and lasting impact on Mr. Williams' reputation and well-being as an African American Attorney since Mr. Williams may never see Ms. Kachamakwara again, and his lifelong quest to be the best lawyer regardless of his race.

69. Again, it should be abundantly clear. Judge Vergona never met Mr. Williams in person, and she did not honor his constitutional rights of due process and right of confrontation of a witness regarding testimonial" hearsay without allowing him to challenge the such evidence in court. Again, Judge Vergona, on these facts, engaged in investigative nonadministrative duties of law enforcement employing criminal procedures rather than immigration law and procedures in a civil proceeding. Prior to becoming an immigration judge in August 2022, Judge Vergona had served a Judge Advocate in the U.S. Army as of June 27, 2022, and she she negligently

18

reverted to the use of criminal procedures under Uniform Code of Military. Judge Vergona had been practicing immigration law and procedure for about only eight months as of March 20, 2023. Subra.

## COUNT VI

**VI.    JUDGE VERGONA AND OTHER DOJ EMPLOYEES WERE NEGLIGENT IN THEIR INVESTIGATIVE NON-ADMINISTRATIVE DUTIES TO SEARCH FOR MR. WILLIAMS TO COMPEL HIM TO ADMIT THAT HE WAS AWARE OF THE MARCH 20, 2023, HEARING IN HER COURTROOM.**

### ALLEGATIONS OF ERROR

70. Judge Vergona along with federal government employees were acting within their authorized job duties at the time of the negligence, since they intentionally employed unreasonable investigative searches for Attorney Williams in their non-administrative roles in the investigation of him in order to compel him to admit that he had prior knowledge of the March 20, 2023, hearing in her courtroom and to reveal his whereabouts and future plans.

71. All Judge Vergona had to do was to access the DOJ EOIR portal at any time or contact a Sterling immigration court clerk and she would have found current information about Attorney Williams as of March 14, 2023. This was also reflected in his Proof of Service in the Samakee case that he filed with the Sterling VA immigration court on March 14, 2023.

72. Moreover, Judge Vergona was grossly negligent because she failed to access the federal government, EOIR, USCIS, ICE, and CBP case information systems or to utilize the services of her immigration court clerks, Jose Flores and Heidi Schiegel, or any other immigration court clerk or court administrator of the Sterling VA immigration court, prior to publishing in her March 20, 2023, and April 20, 2023, rulings, which contained her false statements about Attorney Williams' character and his physical being

### Negligent Conduct

**I. Judge Vergona negligently failed to exercise reasonable care to access the federal government, EOIR, USCIS, ICE, and CBP case information systems or to utilize the services of the immigration court personnel prior to publishing in her March 20,**

19

**2023, and April 20, 2023, rulings, which contained her false statements that she attributed to him and allegedly disparaging ex-parte communications about him that she attributed to his client.**

73. Judge Vergona had a duty to find out the truth from the court that a scheduling error had been made by the court in scheduling Attorney Williams for two hearings on March 20, 2023. However, Judge Vergona breached that duty by failing to utilize her access to DOJ attorney information systems and most importantly, court personnel to find out the truth that the court had made a scheduling error involving Attorney Williams and that he indeed was unaware of the March 20, 2023, hearing in her courtroom. Again, Judge Vergona gave fabricated oral testimony in court on March 20, 2023, that Attorney Williams was aware of the March 20, 2023, hearing and she summarized her oral statements in her written ruling.

74. With respect to her April 20, 2023, ruling denying his motion to reopen due toex parte motions and documents she received from his client (*"Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion."*), Judge Vergona failed to exercise reasonable care to preserve such evidence for her ruling. Therefore, the ruling was invalid.

75. In addition, Judge Vergona had a professional responsibility and legal duty to correct her fabricated misinformation and falsehoods about Attorney Williams that were contained in her March 20, 2023, and April 20, 2023, rulings but she negligently failed to do so.

### Intentional Infliction of Emotional Distress

**II. Judge Vergona and the DOJ immigration attorney who appeared in her courtroom on March 20, 2023, engaged in intentional performative and wrongful acts, that were extreme, outrageous and intolerable, in their investigative nonadministrative duties in court to search for Attorney Williams to compel him to admit that he had prior knowledge and awareness the hearing. This resulted in Attorney Williams extreme emotional distress upon reading contents of her ruling because of the race based depiction and profile of him as a dishonest attorney and nonentity through a Google search of the world wide web to find him.**

76. On the morning of March 20, 2023, before the hearing in the afternoon, both Judge Vergona and the immigration attorney for the government had both actual knowledge and constructive knowledge that a substitute attorney appeared the Sameke case before Judge Egy, and constructive knowledge since they both had in court access to the EOIR attorney registration

system, and the fact that he had filed a Proof of Service with the DOJ on March 14, 2023, in the Sameke case. Attorney Williams had informed Judge Vergona on March 16, 2023, that he had filed a motion withdraw as counsel with the court on March 14, 2023.

### A. Judge Vergona had preplanned her performative and narrative acts in the courtroom to highlight and overemphasize her investigative nonadministrative search for Attorney Williams with full knowledge that he would be absent.

77. Judge Vergona started her performance to demonstrate her investigative techniques in her nonadministrative duties after she granted the Government's Motion to proceed in absentia. (*Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing… The court and DHS "googled" Respondent's Counsel but was unable to find any additional contact information.*)

78. Then Judge Vergona made her fabricated and unchallenged self-serving statements which were used as a pretextual justification for the in-court demonstrations on March 20, 2023, by phone and most importantly a "Google Search" on the world wide web to prove not only that he was unavailable but also that he did not exist.  In addition, Judge Vergona erred in stating that the Department of Homeland Security "DHS" and not the U.S. Department of Justice was responsible for the negligence of its own employees acting within the course and scope of their employment.

### B. Attorney Williams extreme emotional distress.

79. Judge Vergona by her words and deeds, in the court record, if effect, held up Attorney Williams, an African American male, Vietnam war veteran, magna cum laude undergraduate, former Certified Public Accountant, holder of advanced degrees from prestigious universities, MBA, Indiana University and JD Georgetown University, with over 20 years immigration law experience with the Arlington VA and Baltimore MD immigration courts, as a liar and a non-entity, in front of the DOJ and his client, and the public at large, for ridicule and scorn based upon his race and sex. Judge Vergona published such depiction and image of Attorney Williams in her Order of Removal on March 20, 2023. This was both unethical and discriminatory based on race and sex.

21

80. The Google search was done by Judge Vergona and "DOJ" to publicly mock and ridicule Attorney Williams in the courtroom since they only had to look in the EOIR system for which they had "in court access" or contact the Sterling VA immigration court clerk on duty on March 20, 2023, to find his current attorney identification and contact information. A google search of the worldwide web was an exaggeration and completely unnecessary act to prove Attorney Williams existence, but it confirmed that the "DOJ" gave both tacit and implicit approval of Judge Vergona's behavior in the courtroom.  Infra.

81. As a result, Judge Vergona and the DOJ unnamed government immigration attorney created an unreasonably false and offensive impression of Attorney Williams that she published in her March 20, 2023, ruling.  Again, this caused Attorney Williams personal harm because the only image of Mr. Williams as an American Attorney in Ms. Kachamakwara's mind is the image that Judge Vergona created as a direct result of her March 20, 2023, Order. Judge Vergona never met Attorney Williams or allowed him to appear in court at all to challenge her ruling. *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974).

> **III. The Department of Justice is liable for the negligence of Judge Vergona and her joint tortfeasors and other unidentified DOJ employees in their investigative nonadministrative job duties at the time of the negligent and wrongful acts that occurred in their search for Attorney Williams, because it gave tacit approval of such acts by staying silent, and failing to correct mistakes.**

82. Judge Vergona served as a Judge Advocate General in the U.S. Army as of June 27, 2022, practicing under the Uniform Code of Military Justice. At the time of March 20, 2023, immigration court hearing, Judge Vergona had been practicing immigration law for eight 8 months whereas Attorney Williams had been practicing immigration law in the Arlington VA and Baltimore MD immigrations court for over 20 years starting as a volunteer attorney with a nonprofit organization. Immigration law is a highly specialized body of ever-evolving administrative and statutory law and is "second only to the Internal Revenue Code in complexity."  See Castro-O'Ryan v. U.S. Dep't of Immigr. & Naturalization, 847 F.2d 1307, 1312 (9th Cir. 1987).

> **A.  The Department of Justice had a duty to protect Attorney Williams from Judge Vergona's negligent and wrongful acts because of it had knowledge of her lack of experience in immigration law and procedures, and it breached that duty by failing**

**to train and supervise, and that this breach of duty caused harm to Attorney Williams.**

83. Judge Vergona did not cite any case law, regulation, or statute to support her not entertaining Counsel's Motion to Reopen to Reopen in Absentia Order, and this reflected her lack of training in basic immigration laws and procedure and in the usage of the basic reference text, the Board of Immigration Appeals Practice Manual (2/20/20).

84. At the time of March 20, 2023, immigration court hearing, Judge Vergona had employed law enforcement procedures in her investigative nonadministrative search for Attorney Williams to compel him to admit that he was aware of it. Again, Judge Vergona had been practicing immigration law for eight (8) months, and she reverted to the use of criminal procedures under Uniform Code of Military that she used as a Judge Advocate General in the U.S. Army as of June 27, 2022. Subra.

85. Again, had Judge Vergona at least read and analyzed Attorney Williams' Motion to Reopen to In Absentia Order, and immigration law and procedures, the outcome would have been different. Judge Vergona would have uncovered that her March 20, 2023, Order was deeply flawed because she did not follow the facts and immigration case laws and statutes and the Immigration Court Practice Manual. Judge Vergona did not cite any immigration laws or regulations or the Board of Immigration Practice Manual in her response to Attorney Williams' Motion to Reopen in Absentia Order.

> **IV. The Department of Justice had a duty to protect Attorney Williams from being a target of a conspiracy to violate his civil rights that was perpetrated by Judge Vergona and Brooke K. McGee, along with the unnamed recipients of the emails identified in her attachments in Exhibits 1-4, and the unidentified DOJ immigration attorney for the government who appeared in her courtroom on March 20, 2023, who worked together under a tacit agreement to harass and racially profile him in the performance of their investigative nonadministrative duties; and it breached that duty by its failure address or stop such acts through training and proper supervision after it had knowledge of them.**

86. Judge Vergona communicated about her wrongful acts to compel Attorney Williams to admit that he had knowledge of the March 20, 2023, hearing in her courtroom to; (1) Brooke K. McGee, along with the unnamed recipients of the emails ("*Today, the Court emailed*

*Respondent's Counsel to the same email address to confirm his and his client's status. The Court received no response. That email thread is included in this Order and was marked and admitted into evidence as EX 4."),* and (2) the unidentified DOJ immigration attorney for the government who appeared in her courtroom on March 20, 2023, who decided to acquiesce in Judge Vergona's investigative nonadministrative search for Attorney Williams by phone and google search of the world wide web (*"The court and DHS 'googled" Respondent's Counsel but was unable to find any additional contact information.).*

87. These statements, as reflected in her March 20, 2023, ruling, indicated the ongoing conspiracy between Judge Vergona and the DOJ employees involved in the conspiracy and confirmed that they acquiesced to Judge Vergona's actions to harass and racially profile Attorney Williams as an nonentity both outside and inside the courtroom rather than adhering to their duty to report the professional misconduct of Judge Vergona when it related to her responsibility to investigate, litigate, or provide legal advice. Again, Attorney Williams had filed complaints regarding Judge Vergona's wrongful conduct with the appropriate officials within the DOJ without any official acknowledgement or relief.

## COUNT VII

VII. **CONSPIRACY TO INTENTIONALLY DEFAME MR. WILLIAMS BY THE `FEDERAL EMPLOYEES OF US DEPARTMENT OF JUSTICE.**

### Introduction

88. On March 14, 2023, Mr. Williams personally appeared before a female intake court clerk of the Sterling immigration court to file his pleading, Motion to Withdraw as Counsel, for the hearing that was scheduled before Judge Egy on March 20, 2023. Mr. Williams interaction with the intake clerk lasted about 10 minutes. Mr. Williams height and physical features clearly indicated that he is an African American male attorney.

89. Around March 16, 2023, the court clerk informed Judge Vergona that Mr. Williams was an African American male attorney prior to her calling him based upon information and belief. When Mr. Williams received a cellphone call from a person asking whether he was aware

of the case, he thought it was Judge Egy and responded appropriately since his motion to withdraw did not list an immigration judge.

Mr. Williams was astounded because he had never received a phone call from an immigration judge or any judge whether federal, state, or local. It is the job of the court staff to have ex parte contact with attorneys. It was unfair that Judge Vergona deceptively engaged in an ex parte conversation with Mr. Williams and later used it as part of her March 20, 2023, ruling.

90. The circumstances did not require it because all Judge Vergona had to do was to have the clerk of the court communicate with Mr. Wiliams. The court clerk had already informed Judge Vergona of his race and updated contact information both from the case before Judge Egy that was scheduled on March 20, 2023, and most importantly his updated contact information that was available online in the EOIR system. All Judge Vergona had to do was to contact the court clerk. Again, Mr. Williams never appeared in person before Judge Vergona.

91. Here, Judge Vergona and DHS knowingly and voluntarily entered into an agreement to defame Mr. Williams and put him in a false light to be ridiculed by his client and other federal employees. This was reflected in Judge Vergona's email Exhibit 4 that was attached to the March 20, 2023, Order and the in court "google search" of Mr. Williams.

**Defamation**

92. Judge Vergona published the following March 20, 2023 Order and April 20, 2023 Moot Ruling, and each contained racial stereotypes of Mr. Williams which do not comport with reality and were based such ruling upon her false beliefs of Mr. Williams inferiority as a member of the African race and her actions in holding him up for ridicule as lacking intelligence and being a liar and a non-entity.

93. In addition, it was disheartening for Mr. Williams to read that the DOJ attorney, who present in courtroom on March 20, 2023, with Judge Vergona, rather than stop Judge Vergona's efforts to prove that Mr. Williams did not exist, he or she participated, in effect, in a public destruction of Mr. Williams good character and profession reputation in Judge Vergona's courtroom.

*"Today, the Court emailed Respondent's Counsel to the same email address to confirm his and his client's status. The Court received no response. That email thread is included in this Order and was marked and admitted into evidence as EX 4. Additionally, the Court attempted to call Respondent one time at the number listed on her Asylum application and Counsel two times at the number listed in the Court's system. The court and DHS 'googled" Respondent's Counsel but was unable to find any additional contact information."* See generally, March 20, 2023, Order of Removal.

94. Moreover, it was shameful for the DHS attorney to, in effect, stand around not intervene to stop Judge Vergona from purposefully depicting Mr. Williams in an offensive manner, and performing an in court "google" search for him.

95. When Mr. Williams first read the above ruling, he felt that it was deeply offensive to him as an African American man and attorney. Again, Judge Vergona never met Mr. Williams and as a direct consequence she resorted to the use of a stereotype profile of him an African American male and attorney.

A. Judge Vergona resorted to a historical notion that a white woman can lie falsely say anything abhorrently derogatory or make up trumped charges of dishonest behavior about an African American man and the authorities will believe her and seek retribution against him. When Judge Vergona made false and misleading statements about Mr. Williams in her Order, she put his professional reputation in danger by making such statements to DOJ, the public at large, and most importantly to Ms. Kachamakwara, his client.

B. Judge Vergona published such derogatory depiction and image of Mr. Williams in her judgment-Order of Removal. This was both unethical and discriminatory, based on Mr. Williams' race and ethnicity. The client, Ms. Kachamakwara, a native of the country of Zimbabwe believed, based on information belief, that Judge Vergona, a member of the white race, did not respect Mr. Williams as an African American attorney. Judge Vergona never met Mr. Williams but resorted to a derogatory image of him.

C. Judge Vergona disregarded the prohibition that an immigration judge should not initiate or engage in out of court communications with lawyers who appear before her or harass

26

Mr. Williams based on the false notion that a black lawyer does not have any rights that a white person should respect, and that a black lawyer is intellectually inferior to a white lawyer.

96. An Immigration Judge who manifests bias or prejudice in a proceeding and brings the immigration process into disrepute. Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threating, intimidating; or hostile acts, suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant reference to personal characteristics. See Note: 2. IX. Acting with Judicial Temperament and Professionalism. *Ethics and Professionalism Guide for Immigration Judges*

## CONSTITUTION VIOLATIONS

## COUNT VIII

**VIII.** **Judge Vergona did not strictly adhere to the First, Fourth and Fifth Amendment of the U. S. Constitution regarding her relentless investigative pursuit for Attorney Williams' person to get him to admit that he was aware of the March 20, 2023, hearing, and after it was over, she intruded upon Attorney Williams' reasonable expectation of privacy in the office of an immigration officer during a U.S. citizenship interview with his client, and his right to silence. Therefore, Attorney Williams is entitled to Partial Summary Judgment.**

**First Amendment**

97. Judge Vergona initiated ex parte contact with Attorney Williams on March 16, 2023, two days after he had filed his motion to withdraw as counsel in the Samakee case on March 14, 2023, and he informed her that he had filed a motion to withdraw as counsel and substitution of counsel, in the Sterling VA immigration court on March 14, 2023. Unless Attorney Williams' Motion to Withdraw as Counsel was granted by immigration Judge Egy, he would have remained as the counsel of record. Thus, Mr. Williams was "tracking" the hearing in the Samakee case before Judge Egy and not the Kachamakwara case before Judge Vergona (*"Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing. He responded that he was tracking the hearing."*). This was protected speech for which Judge Vergona wrongfully punished Attorney Williams by including the statement in

her ruling as an example of him telling a lie that he was aware of the March 20, 2023, hearing or worse, engaging in unprotected speech for which the First Amendment did not apply.

**Fourth Amendment**

98. Judge Vergona, under color of authority, wrongfully violated Attorney Williams' right of privacy in his professional appointments with his clients on March 20, 2023, since he had exhibited an actual (subjective) expectation privacy within private hearing rooms with his clients at state and federal facilities that the public at large recognizes as reasonable.  Katz v. United States, 389 U.S. 347 (1967).

99. Attorney Williams had a reasonable expectation of privacy regarding the events that he had planned for March 20, 2023. At 9:00 am, he attended a scheduled divorce trial in Frederick County, MD; and at 1:00 pm, he attended a scheduled citizenship interview with a client at the United States Customs and Immigration Service office in Fairfax, VA. Yet Judge Vergona did not recognize his expectation of privacy at each event.  Attorney Williams had not committed any crime or other act of malfeasance at all.

100. However, Judge Vergona viciously attacked Attorney Williams' character in the Sterling VA immigration court despite his absence around 1:08 pm; and then around 1:45 pm she emailed him, under the unauthorized use of DOJ emblem letterhead, a condescending message of false concern for him and his client.  This was while Attorney Williams was inside the United States Customs and Immigration Service office in Fairfax, VA, in the office of an immigration officer with his client for a citizenship interview. This excessive search for Attorney Williams on the part of Judge Vergona after the March 20, 2023, hearing had ended, was unwarranted and clearly violated his expectation of privacy as evidenced in the email below:

*"I am checking yours and your client's status. I just called the number listed for you in our system (202-223-5316) but no answer. Please advise."*
Mary C. Vergona@usdoj.gov
703-481-1061(office)

101. Rather than accessing the EOIR portal for Attorney Williams profile which contained his current business and contact information or utilizing the services of the Sterling VA immigration court scheduling clerk or the court administrator or her immigration judge clerk to help her confirm Attorney Williams contact phone number, Judge Vergona negligently used the phone number (202-233-5316) from the Kachamakwara file that she obtained from the Arlington VA immigration court which contained the above phone number as of calendar year 2019. **Judge Vergona knowingly fabricated this email, after the hearing had ended, to create a falsehood to record a lie about Attorney Williams in the court record.**

102. Of note, Judge Vergona sent a copy of the email on Monday, March 20, 2023, at 1:08 PM, to **Brooke K. McGee**, her joint tortfeasor and a Department of Justice attorney. This supported Attorney Williams' contention that Judge Vergona's actions in court to humiliate and profile him were preplanned with the help of a joint tortfeasor. Here, **Brooke K. McGee**. **See Exhibit C.**

### Fifth Amendment

103. Judge Vergona, under color of authority, wrongfully violated Attorney Williams' right of silence and his right to not be forced to testify against himself. In this case, Judge Vergona tried to have Attorney Williams to testify about his scheduled appointments on March 20, 2023, with all his clients. Attorney Williams refused to speak to Judge Vergona when asked to provide self-incriminating information about his plans and whereabouts when he was asked to engage in ex-parte communications with her. Nevertheless, Judge Vergona used an alleged ex-parte communication, "*Prior to today's hearing, the Court reached out Respondent's Counsel to confirm he was aware of today's hearing. He responded that he was tracking the hearing*" against him in violation his right against self-incrimination and his due process right to a fair hearing. This statement attributed to Attorney Williams was not true.

### Deprivation of Rights Under of Color of Authority

104. Judge Vergona had a professional responsibility to not engage in unlawful acts of willful interference or intimidation while purporting to act in the performance of her official

**mandatory** duties to support the U.S. Constitution and federal laws as an officer of the court and immigration judge employee of the U.S. government.

105. Again, Judge Vergona used the imprimatur of the Department of Justice's logo in emails to harass Mr. Williams to admit that he was aware of the March 20, 2023, hearing before her in the immigration court and to engage in ex parte communications with her in violation both his constitutional and civil rights regarding his privilege as a licensed attorney of record to participate in an immigration proceeding administered by the United States government. Most importantly, the purpose of the email with the DOJ emblem was to use it as an electronic badge which she used under her color of authority to vindictively harass, profile, and punish Mr. Williams for attending the U.S. citizenship interview with his client on March 20, 2023, in violation of his right to privacy. Department of Justice seals, logos and other official insignia may not be used or reproduced without written permission. Source 5 C.F.R. §2635.702 (b) (Subpart G; Misuse of Position.).

## COUNT VIII

**VIII.    Judge Vergona wrongfully tampered with and failed to provide Attorney Williams with a copy of the crucial ex-parte physical evidence (*Rosemary Kachamakwara's Motions and Notice to terminate atty*) as required by law, with the intent to wrongfully allege such evidence was the sole basis for her April 20, 2023, ruling which denied his Motion to Reopen in Absentia and impacted the outcome the case in violation of his rights under the Fifth Amendment's Due Process Clause.**

**A. Judge Vergona had a legal obligation to disclose and provide Attorney Williams with a copy of the ex parte evidence that she received from Ms. Kachamakwara.**

106. Judge Vergona had a legal duty as the receiver of the crucial ex parte physical evidence (*Rosemary Kachamakwara's Motions and Notice to terminate atty*) to ensure that the evidence was preserved and made available to Attorney Williams for his examination and inspection. The duty to preserve such evidence in this instance went beyond following policies or procedures but it was a constitutional obligation placed upon Judge Vergona that was rooted in due process and fundamental fairness. Infra.

107. However, Judge Vergona negligently failed to produce such documents or include them as part of the information that Attorney Williams received on May 6, 2023, from the

30

immigration court clerk of the Sterling VA immigration court, that included the cover page of his Motion to Reopen an In Absentia Order dated April 19, 2023, with the notation as follows:

*IJMC Vergona – 20 Apr 23- Moot*

*Based on Rosemary Kachamakwara's Motions and Notice to terminate atty, the Court is not entertaining this Motion.* Emphasis added.

108. Again, Judge Vergona received the ex parte documents from Ms. Kachamakwara between April 19, 2023, and the date of her decision to April 20, 2023, or earlier. Again, Attorney Williams had a constitutional right to examine and challenge the authenticity of such documents.

### B. Judge Vergona had a legal duty to preserve and manage property in her possession property regarding the Kachamakwara case.

109. Judge Vergona had the responsibility as being a receiver, trustee, or manager in possession of any property in any case pending in any court of the United States, to not fail to manage and operate such property. Here, Judge Vergona negligently failed to produce critical evidence which supported her judicial ruling in accordance with the law. See 18 U.S. Code § 1911 - Receiver mismanaging property. Therefore, Judge Vergona's "(IMJC)-20 Apr 23-Moot" ruling was invalid based upon her negligent handling of physical evidence as a trustee, officer of the court, and immigration judge of the Sterling VA immigration court.

### COUNT IX

IX.    **Judge Vergona, under color of law, violated Attorney Wiliams rights under the Fifth Amendment's Due Process Clause, and free speech, because she did not allow him the opportunity to be heard regarding his Motion to Reopen in Absentia Order so that he could confront the false and misleading allegations that she made against him and to present exculpatory evidence favorable about him that the immigration court made an error in scheduling him and his clients for appearances for two cases on March 20, 2023 without his knowledge or consent; one case before Judge Egy and the case before her.**

110. Attorney Williams contended that he should have been allowed to petition the government to reopen immigration proceedings for his client to apply for asylum and withholding of removal from the United States to the country of Zimbabwe.  However, Judge

Vergona entered a removal order based upon a false allegation that Attorney Wiliams had prior knowledge of the scheduled hearing for March 20, 2023. Again, Judge Vergona had been informed by the immigration court clerk that Attorney Williams had filed a motion to withdraw as counsel in the Samakee case that had been scheduled before Judge Egy on March 20, 2023.

111. As a direct consequence, Mr. Williams was wrongfully denied by Judge Vergona of a notice and opportunity to be heard, and she took away his attorney's privileges to represent Ms. Kachamakwara in the immigration court, by making false and misleading statements about his character in her March 20, 2023, Order and her solicitation of ex parte communications from his client and use such information against him. Judge Vergona had not cited any relevant case law or federal regulations or the Immigration Court Practice Manual at, a bare minimum, as to why she disqualified Mr. Williams as the attorney of record other than hearsay ex parte information that evidenced her misdeeds. Thus, Judge Vergona, in effect, denied Attorney Williams his rights under the Fifth Amendment's Due Process Clause and his civil right to prove he is entitled to be respected as an attorney not a nonentity; and not as an effigy profile of a stereotypical image of Attorney Williams that she based her ruling based upon her opinion rather than substantive evidence.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court assumes jurisdiction over this action and issue a judgment granting Plaintiff:

A.    Compensatory damages;

B.    Punitive damages;

C.    Attorney's fees and costs as allowable by law;

D.    Such other and further relief as the Court deems just and fair.

## DEMAND FOR JURY TRIAL

The FTCA claims are tried to the bench, 28 U.S. Code §2402.  Plaintiff demands a jury trial on any claims that are, at the time of trial, triable by jury, whether because of a change of law or an amendment to the pleadings.

Dated: July 31, 2026                    By:    _____

Eugene Williams, Pro Se